CIACCIO, Judge,
dissenting.
I am of the opinion that the plaintiff has failed to prove “by a preponderance of the evidence that the thing which caused her damage was in the care or custody of the Board, that the thing had a vice or defect, and that the vice or defect caused her injury.” C.C. Art. 2317. Loescher v. Parr, 324 So.2d 441 (La.1975).
The plaintiff and Morris Hall, an unlicensed home repairman who had given the plaintiff an estimate of the cost of repairing her property, merely testified as to the existence of the subsidence and the fact that the Sewerage and Water Board conducted repair work near the property. No evidence or expert testimony was presented as to the existence of a defect in the property of the Sewerage and Water Board nor as to the nature of the repairs performed. As such the plaintiff failed to establish that the property of the Sewerage and Water Board contained a defect which cause the subsidence.
Furthermore, there was evidence presented by the defendant that repairs were made in August, 1984 to the sewer system located within the plaintiff’s property line. A licensed master plumber, Dalton Adams, testified that he had to dig up and re-cement all the terra cotta joints which were leaking and which were located 20 feet back from the property line.
He further testified that the terra cotta joints had separated as a result of old age, that seepage from the joints caused the adjacent ground to wash away and that this caused the sinkage of the house.
Based upon the evidence presented at trial the most probable cause of the subsidence was the defective sewer lines located within the plaintiff’s property line and for which she would be responsible.
Because I am of the opinion that plaintiff has failed to meet her burden of proof, I respectfully dissent.